# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DERRICK WOODLON**,

        Petitioner,

v.

**FREDERICK ENTZEL,**
**Warden, FCI Hazelton**

        Respondent.

Civil No.: 3:18-CV-73
(GROH)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 10, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner is a federal inmate housed at FCI Hazelton who is challenging the validity of his sentence imposed in the United States District Court for the District of Maryland.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[2]

#### A. Conviction and Sentence

On April 5, 2012, a grand jury indicted Petitioner and charged him with two

---

[1] All CM/ECF references are to the instant case unless otherwise noted.

[2] All CM/ECF references in section II. refer to entries in the docket of Criminal Action No. 1:12-CR-191, District of Maryland, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

counts of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1); two counts of Possession of Firearms by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1). ECF No. 1.

On December 17, 2012, Petitioner entered a plea of guilty as to count 3, Possession of Firearms by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 35, 36. On April 4, 2013, the trial court sentenced Petitioner to 180 months imprisonment and three years supervised release pursuant to the parties' binding plea agreement under Fed. R. Cr. P. 11(c)(1)(C). ECF No. 43 at 2–3. In the plea agreement Petitioner agreed "that [he] is an Armed Career Criminal pursuant to U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e)." ECF No. 36 at 6. The sentencing court calculated Petitioner's adjusted offense level to be 31 and his criminal history category to be VI.[3] ECF No. 36 at 5–6. All other counts of the indictment were dismissed. ECF No. 43 at 1.

**B. Direct Appeal**

A review of the docket on PACER shows that Petitioner did not appeal his conviction or sentence.

---

[3] Petitioner's Armed Career Criminal Act classification was based upon Petitioner's previous convictions for: (1) possession with intent to distribute cocaine (Md. Circuit Court for Baltimore City Case No. 298005006); (2) possession with intent to distribute cocaine (Md. Circuit Court for Baltimore City Case No. 298022003); (3) distribution of heroin (Md. Circuit Court for Baltimore City Case No. 202184020); (4) distribution of heroin (Md. Circuit Court for Baltimore City Case No. 104139018); (5) distribution of heroin (Md. Circuit Court for Baltimore City Case No.104294025); (6) distribution of a non-controlled substance as a controlled substance (Md. Circuit Court for Baltimore City Case No. 105273021); and (7) and CDS distribution (Md. Circuit Court for Baltimore City Case No. 105276032). Records of these convictions are available at:

http://casesearch.courts.state.md.us/casesearch/processDisclaimer.jis

### C. Post-Conviction Relief or Motion to Vacate under 28 U.S.C. § 2255

A review of the docket on PACER shows that Petitioner did not seek relief under 28 U.S.C. § 2255.

### III. PETITIONER'S CLAIMS

On February 25, 2019, Petitioner submitted an amended petition for habeas corpus. ECF Nos. 11, 11-1. In support of his amended § 2241 petition before this Court, Petitioner states a single ground for relief, that Petitioner was erroneously sentenced as an Armed Career Criminal.[4] ECF No. 11 at 5; ECF No. 11-1. Petitioner asserts that he is entitled to relief under the savings clause of 28 U.S.C. § 2255(e). ECF No. 11-1 at 3. For relief, Petitioner requests the Court vacate his sentence as an Armed Career Criminal and resentence him without the Armed Career Criminal designation. ECF No. 11 at 7. It appears that Petitioner seeks to have his sentence as an Armed Career Criminal invalidated because he believes that his prior convictions no longer qualify as predicate offenses under the Armed Career Criminal Act. ECF No. 11-1 at 2.

### IV. LEGAL STANDARDS

#### A. Reviews for Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the

---

[4] In his plea agreement Petitioner agreed that he was an Armed Career Criminal, and "stipulate[d] and agree[d]" that the original sentence was appropriate. ECF No. 36 at 6.

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

> factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;

procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

> b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## V. ANALYSIS

As an initial matter, the undersigned notes Petitioner did not file a direct appeal or motion pursuant to § 2255. In fact, this § 2241 petition appears to be Petitioner's first post-conviction proceeding. ECF No. 1 at 8. However, were the Court to construe

7

Petitioner's § 2241 as his initial § 2255, it would appear to be both untimely and filed in the wrong district court.

To the extent that Petitioner filed a § 2241 motion and invoked the § 2255(e) savings clause pursuant to Wheeler, as explained in In re Vial, § 2241 relief does not become available simply because § 2255 relief is no longer available due to either a time bar or failing to raise an issue on direct appeal. 115 F.3d at 1194. The one year limitation for an initial § 2255 petition has long passed. Petitioner failed to file either a direct appeal or a petition through 28 U.S.C. § 2255 during that one year period. A § 2255 petition cannot be deemed inadequate or ineffective in this matter merely because Petitioner did not file either a direct appeal or § 2255 motion.[8]

Notwithstanding these procedural bars, § 2241 relief is unavailable as Petitioner cannot satisfy the second prong of the Wheeler test to invoke the savings clause under § 2255(e). Pursuant to the second prong of Wheeler, the substantive law that led to Petitioner's classification as an Armed Career Criminal must have changed and that change must have been made retroactive. That has not occurred.[9]

---

[8] The Court notes that the second prong of the Wheeler test contemplates successive § 2255 motions, not an initial § 2255 motion, in that the change in law is supposed to have occurred after a petitioner's first § 2255 motion was decided.

[9] The undersigned notes that Petitioner nominally asserts a challenge to his conviction in his original petition. ECF No. 1-1 at 1. After careful review of the petition, the undersigned concludes that the heart of Petitioner's challenge is to the legality of his sentence, not his conviction. However, to the extent Petitioner is challenging his conviction, even if Petitioner meets the first and third prongs of the Jones test, he does not meet the second prong of the Jones test because the federal crime for which he was convicted—Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1)—remains a criminal offense. Accordingly, to the extent Petitioner raises a challenge to the validity of his felon in possession of a firearm conviction, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his conviction on the merits.

Petitioner was previously convicted of serious drug offenses, which pursuant to 18 U.S.C. § 924(e)(2)(A), formed the basis of his enhanced sentence.[10]  The trial court relied on those prior serious drug convictions when sentencing Petitioner as an Armed Career Criminal.  Additionally, at the time he entered his guilty plea, Petitioner stipulated and agreed that he was an Armed Career Criminal pursuant to U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e) in a written Plea Agreement, made with the assistance of counsel.  D. Md. 1:12-CR-191, ECF No. 36 at 5 – 6.

Under the Armed Career Criminal Act, a serious drug offense is an offense in violation of state law involving distribution or possession with intent to distribute a controlled substance which carries a maximum sentence of 10 years or more.  18 U.S.C. § 924(e)(2)(A)(ii).  A review of the pre-sentence report shows that Petitioner's predicate convictions were violations of Maryland Code, Criminal Law, § 5-602, for distributing heroin[11] and possessing with intent to distribute cocaine.[12]  These offenses carry a maximum term of imprisonment of twenty years for a first offense and a maximum term of imprisonment of twenty-five years for subsequent offenses.  Md. Code, Criminal Law, § 5-608.

The Fourth Circuit has held that Maryland convictions for possession with intent to distribute qualify as predicate offenses under the Armed Career Criminal Act if they involve heroin or cocaine.  United States v. Washington, 629 F.3d 403, 408 (4th Cir.

---

[10] The Court notes that in Johnson v. United States, 135 S. Ct. 2551 (2015), the United States Supreme Court invalidated the residual clause of § 924(e)(2)(B)(ii), however the remainder of the statute remains in effect.

[11] See Md. Circuit Court for Baltimore City Case Nos. 202184020; 104139018; 104294025 (All three for Distribution of Heroin).

[12] See Md. Circuit Court for Baltimore City Case Nos. 298005006 and 298022003 (both for Possession with Intent to Distribute Cocaine).

2011).  As noted above, Petitioner's Pre-Sentence Report contained three convictions for Maryland Distribution of Heroin and two convictions for Maryland Possession with Intent to Distribute Cocaine.[13]  Those five convictions all qualified as predicate offenses for an Armed Career Criminal designation in this Circuit, and there has been no change in the law in this Circuit to the contrary.  Therefore, Petitioner has failed to show a change in the substantive law and thus fails to satisfy the first clause of the second prong of the Wheeler test.

Furthermore, while Petitioner relies on Mathis v. United States, 136 S. Ct. 2243 (2016) to claim that his predicate offenses are too overbroad to qualify as predicate offenses under the Armed Career Criminal Act,  the holding of Mathis has not been held to be retroactive to cases on collateral review.   Walker v. Kassell, 726 F. App'x. 191, 192 (4th Cir. 2018).  Because Mathis does not announce a new rule of law, and is otherwise irrelevant to the determination of whether Petitioner can assert his claims under 28 U.S.C. § 2241, Petitioner cannot meet the retroactivity clause of the second prong of Wheeler.  Accordingly, even if Petitioner could avail himself of Wheeler, despite having failed to file a direct appeal or initial § 2255, he fails to establish that he meets all four Wheeler requirements.  Therefore, Petitioner fails to satisfy the § 2255 savings clause for the Court to hear the challenge to his sentence on the merits.

Because Petitioner never filed a direct appeal or an initial § 2255, and because he does not satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on the merits.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel

---

[13] See footnote 3 supra.

10

Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] and amended petition [ECF No. 11] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 31, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE